CONJUGAL PARTNERSHIP ROSA MARÍA QUILES and ARMANDO RIVERA PABÓN, Plaintiffs and Appellees, *v.* PUERTO RICO WATER RESOURCES AUTHORITY, Defendant and Appellant.

No. R-63-24.      Decided October 16, 1964.

*José Antonio Arabía* and *Carlos Santos Correa* for appellant.
*Guillermo Bauzá* and *M. Bauzá Rolón* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Armando Rivera Pabón and his wife, Rosa María Quiles, established their domicile at 27 Ponce de León Avenue in Barrio Amelia in Guaynabo, on July 1, 1961. Appellant furnished the electric power by virtue of a contract signed by the former tenant, Santiago Figueroa. In August 1961, appellant discontinued said service for nonpayment. On August 25 of the same year tenant Rivera Pabón paid appellant the amount owed plus $1 for reinstallment of the service. It was not until September 22, 1961 that appellant served electric power again to Rivera Pabón's residence. Due to its negligence in delaying the fulfillment of its obligation to serve electric power, the trial court ordered appellant to pay plaintiffs, for damages, the amount of $1,000 plus costs.

Appellant maintains that said court erred (1) in deciding that appellant was bound to reinstall the electric service to plaintiffs, (2) in overruling the motion to dismiss the complaint, and (3) in deciding that it was not until October 21, 1961 that said service was resumed.

■ The first two assignments of errors are predicated on the fact that plaintiffs had not signed a contract with appellant for the service of electric power in the residence since the contract appeared signed by former tenant Figueroa, and that, therefore, no contractual obligations existed between the parties, and appellant was not bound to reinstall said service. It appears from the evidence that in plaintiff's case appellant made an exception in its general practice of serving electric power only to persons who sign a contract for said purposes, because when it accepted the payment for Figueroa's debt it charged for the reinstallment service. The

decision of the trial court to the effect that appellant bound itself to reinstall the service of electric power to plaintiffs immediately after receiving the payment therefor, that is, on August 25, 1961, is supported by the evidence. There is no justification either for the delay in the reinstallment of said service, for which reason, the judgment ordering appellant to pay damages suffered by plaintiffs as a result of the delay in the fulfillment of its obligation is not erroneous.

■ The trial court erred in deciding that it was not until October 21, 1961 that appellant reinstalled the service of electric power to plaintiffs, since the evidence shows that said service was reinstalled on September 22 of the same year. Considering that the trial court granted plaintiffs $1,000 for sufferings and mental anguish as the sole damages proved, since it erred in determining the time during which plaintiffs suffered such mental anguish, the compensation will be reduced to $500 and as thus modified the judgment will be affirmed.